UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ALEJANDRO CASTILLO,<br><br>    Plaintiff,<br><br> vs.<br><br>ENHANCED RECOVERY COMPANY, LLC<br>    Defendant. | Civil Action No.:<br><br><br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff Alejandro Castillo ("Plaintiff") brings this action against Defendant Enhanced Recovery Company, LLC ("Defendant" or "ERC") on an individual basis, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive

1

debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The standard takes into account that consumer protection laws are not made for the protection of experts, but for the public, which includes the credulous and the naïve.

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA if a communication constitutes a deceptive means to collect an alleged debt. A deceptive act may include the communication of any false representation, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692(e)8.

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) & (2) as this is where the Defendant resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Indianapolis, Indiana.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Defendant is a limited liability company incorporated in Delaware. Defendant's principal address is 8014 Bayberry Road, Jacksonville, Florida, 32256 its designated agent for service is the Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6), in that Defendant uses an instrumentality of interstate commerce, including postal mail, for their business, a principal purpose of which is the collection of debts within the State of Indiana and throughout the United States. As such, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

## STATEMENT OF FACTS

12. Some time on, or prior to, December 13, 2018, an alleged debt was incurred to 11 Charter Communications ("Charter").

13. The alleged debt of $101.00 purportedly owed to Charter arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. At some time prior to March 16, 2020, the alleged debt was purchased by, or otherwise transferred to Defendant for collection.

15. In an effort to collect on this alleged debt, Defendant reported the alleged debt of $101 to nationwide credit reporting agency TransUnion.

16. On March 16, 2020, Plaintiff mailed a written dispute of the alleged debt to TransUnion. The dispute letter was received by TransUnion on April 7, 2020. Upon information

and belief, TransUnion then notified Defendant about Plaintiff's dispute. Following receipt of the dispute by TransUnion, Defendant failed to mark the account as disputed in Plaintiff's consumer background reports issued by TransUnion.

17. Defendant's failure to mark the collection account was damaging. This omission was material and impaired Plaintiff's credit rating and his ability to obtain additional credit. As a result of these false, deceptive and misleading practices, Plaintiff was harmed.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq*.

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

20. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

21. Pursuant to 15 U.S.C. § 1692e(8), a debt collector is prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed."

22. Defendant failed to mark the debt as disputed and Plaintiff was harmed.

23. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)  Awarding Plaintiff statutory damages;

(b)  Awarding Plaintiff actual damages;

(c)  Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d)  Awarding pre-judgment interest and post-judgment interest; and

(e)  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 8, 2020

**COHEN & MIZRAHI LLP**
YOSEF STEINMETZ
Florida Bar No. 119968

　　　　　　　　/s/ Yosef Steinmetz
YOSEF STEINMETZ

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
yosef@cml.legal

*Attorneys for Plaintiff*